UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FORIDA
CASE NO. 24-CR-20201-KMW

UNITED STATES OF AMERICA,

v.

DAVID KNEZEVICH,

    Defendant.

_____/

## **OBJECTION TO ORDER OF DETENTION**

    Defendant, DAVID KNEZEVICH, by and through undersigned counsel, respectfully files this objection to Magistrate Judge Torres' order of detention, entered on May 10, 2024, reflected in the Minute Order at [D.E. 9]. In support of the objection, Defendant states:

## **HEARING BEFORE MAGISTRATE**

    1.    On May 10, 2024, after a hearing, Magistrate Judge Torres entered an order of detention. [D.E. 9]. The basis for the detention order was "risk of flight." *Id.* A copy of the transcript from the hearing is attached as **Exhibit A**.

    2.    Magistrate Judge Torres rejected the government's separate argument that detention is warranted because Defendant is a danger to the community. [5/10/24 Hrg. T. 46:5-12] ("Well, I can't detain based on danger because I think the evidence -- I can't make a finding sufficient to detain him on danger . . . even in the light most favorable to the government . . .); [*see also id.* at 53:9-13].

    3.    Defendant objects to the order of detention because the record does not reflect any evidence that Defendant is a flight risk.

4.      More important, as to the issue of bond, there are sufficient safeguards and conditions to be put into place to ensure his appearance before the Court at any time.

5.      Magistrate Judge Torres admitted (more than once) the decision whether to order detention based on risk of flight was "*a close call*" and could go either way. [5/10/24 Hrg. T. 48:4-5; 51:3-6]. Magistrate Judge Torres also acknowledged that because *all the evidence* in the case against Defendant is circumstantial, this appears to be a defensible case. [*Id.* at 46:21-24].

6.      Magistrate Judge Torres invited undersigned counsel to object to his order, obviously recognizing the close call it was and that perhaps it should be reviewed. [5/10/24 Hrg. T. 51:3-21].

## ARGUMENT

7.      The district court is bound to review a magistrate judge's order of detention de novo and undertake a complete review of the matter for the purpose of arriving at its own "independent conclusion." *See United States v. King*, 849 F.2d 485, 489-91 (11th Cir. 1988); see also *United States v. Duncan*, 897 F. Supp. 688, 689-90 (N.D.N.Y. 1995) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). 18 U.S.C. § 3145(a)-(c). Thus, no deference should be given to the magistrate's legal conclusions. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *United States v. Cropper*, 361 F.Supp.3d 1236, 1238 (N.D. Ala. 2019).

8.      Given that all accused are considered innocent until proven guilty, pretrial release should only be denied in rare circumstances. *United States v. Sanchez-Martinez*, 2013 WL 3662871.

9.      The Bail Reform Act favors pretrial release of defendants, *see, e.g., United States v. Bradshaw*, 2000 WL 1371517, at *3 (D. Kan. July 20, 2000), and "[t]he court must resolve all

doubts regarding the propriety of release in the defendant's favor." *United States v. Morales*, 2012 WL 603520, at *1 (D. Kan. Feb.24, 2012), *citing United States v. Chavez–Rivas*, 536 F.Supp.2d 962, 965 (E.D.Wis.2008).

10. Under 18 U.S.C. § 3142(g), the factors to be considered include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law"; and (4) the nature and seriousness of the danger posed by the person's release.

11. None of the foregoing factors weigh in favor of an order of detention.

12. As to the weight of the evidence and strength of the government case, the testimony of FBI Agent Montilla showed that this factor weighs in favor of bond. FBI Agent Montilla admitted in testimony:

   a. There is no evidence that the alleged victim was taken against her will. [5/10/24 Hrg. T. 22:7-9].

   b. There is no evidence of a struggle in the apartment. [5/10/24 Hrg. T. 20:11-13].

   c. There is absolutely no evidence that any actions facilitating the alleged kidnapping occurred in the United States. [5/10/24 Hrg. T. 30:16-22].

13. Coupled with the above factual issues, there are also substantial legal issues in this case, including that of jurisdiction. The government submits that jurisdiction is proper because Defendant flew from Miami to Turkey before the alleged kidnapping. While this is true, that flight

was for Defendant to visit his disabled, elderly mother in Serbia. The Government opines that Defendant drove from Serbia to Madrid sometime later to carry out the instant offense, but that is hardly evidence he left Miami to facilitate a kidnaping in Madrid at a later time. There is no evidence connecting the travel to the alleged kidnapping.

14. The government cited the case of *U.S. v. Meyer*, 63 F.4th 1024 (5th Cir. 2023) in support of the jurisdictional issue. In *Meyer*, there was substantial evidence that the Defendant's travel (flight to Mexico) was directly related to the charged kidnapping. That evidence does not exist in this case.

15. All the foregoing prompted Magistrate Judge Torres to state that not only is the case completely circumstantial, but also defensible.

16. Defendant's detention was ordered based on a finding that his was a risk of flight. But none of the "risk of flight" factors weigh in favor of detention.

17. The government advised the Court they believed Defendant is a risk of flight because he has dual citizenship. FBI Agent Montilla testified she thought Defendant had dual citizenship, and therefore was a flight risk, because he had a Serbian passport. However, on cross examination, Agent Montilla admitted the Serbian passport had expired long ago, and Defendant only has a U.S. passport, which is now in the hands of the government. Moreover, there was no additional proof of dual citizenship.

18. The government also argued that Defendant is a risk of flight because of his extensive travel abroad, which is noted in the pretrial services report.[1] In fact, Defendant has only traveled to four countries in the past five years, and one of those includes Serbia to see his disabled, elderly mother. While that alone should not be enough to find risk of flight, with a GPS monitor,

---

[1] The Court also noted the Defendant was said to have traveled to thirty countries but that is in the scope of his lifetime, not within recent time.

Defendant will be able to be monitored wherever he goes, and he would not have any travel documents or passports with which to travel.

19. The government called into question Defendant's lack of ties to this area, arguing that Defendant is now a single man of means and he did not know from memory the phone number for his brother, who lives here. The government ignores the fact that Defendant's brother was present in the courtroom, and willing to cosign a bond. It is also highly disputed that Defendant is a "man of means." The government did not provide the Court with bank accounts or assets to support its position because there are no substantial "means" to show. Indeed, most of Defendant's "means" are tied up in second mortgages, and now that a conservatorship was opened by his wife's family, Defendant has very little money available to him at all.

20. The property listed in the pretrial services report is not accurately portrayed. All the properties are heavily mortgaged. Many other assets are tied up in the conservatorship. Simply stated, Defendant would not have access to ready cash. In reality, Defendant is far from "a man of means," very few of his assets are liquid, and none of his assets are easily accessible.

21. Defendant has lived in South Florida for 15 years. He has owned an IT business based in Ft. Lauderdale, where he resides, for the past 14 years.

22. Contrary to the government's assertions, Defendant has strong ties to South Florida. Defendant's brother lives and resides in Ft. Lauderdale with his wife and small children. As such, Defendant's "family ties, employment, financial resources, length of residence in the community, community ties" all weigh heavily in favor of finding he is not a risk of flight.

23. Defendant has never been charged with a crime. He has no prior criminal record or alleged criminal conduct. He has no history of drug or alcohol abuse. Defendant was not on probation, parole, or any other form of release when he was arrested under these charges. He was

a free man who had *voluntarily returned to South Florida from Serbia*, <u>knowing there was an open investigation of his wife's disappearance</u>, to resume his business and life here. The Defendant has no means (and no intention) of fleeing the country.

24. For these reasons, Defendant's "past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," all weigh in favor of finding he is not a risk of flight.

25. The law favors pre-trial release, and none of the factors for the Court's consideration in this case support detention. Magistrate Judge Torres said more than once that whether to grant bond in this matter is a ***very close call***. Defendant submits that "close calls" should be resolved in favor of releasing a defendant before trial, in accordance with *Morales*. *See Morales*, 2012 WL 603520, at *1 ("The court must resolve all doubts regarding the propriety of release in defendant's favor.").

26. Defendant has sufficient ties to the community, and as Magistrate Judge Torres noted, has a very defensible case [5/10/24 Hrg. T. 46:21-24], further reducing any reason to flee.

27. Magistrate Judge Torres' findings that Defendant has significant means and the only way to flee is through means, is solely based on the completely <u>unsupported representations</u> of the government.

28. Significantly, pretrial services recommended that Defendant be released on bond.

29. As such, both the defense and pretrial services believe there are conditions of bond that can be ordered which will assure the Court of Defendant's appearance in this case.

## CONCLUSION

Defendant has lived in Ft. Lauderdale for 15 years. He has owned and operated two legitimate businesses in Ft. Lauderdale, with full time employees, for 14 years. His only sibling,

lives in Ft. Lauderdale with his wife and small children. Defendant has no prior record with law enforcement. There are significant legal issues presented in this case and, as Magistrate Judge Torres noted, it is a defensible case, [5/10/24 Hrg. T. 46:21-24], which is a reason for Defendant to stay and fight the charges and not to flee. The government has not shown pretrial detention is required here, and all doubts must be resolved in Defendant's favor.

WHEREFORE, Defendant respectfully requests that the Court enter an order of bond, and as a condition of bond, place the Defendant on an electronic monitor to ameliorate any concern that he is a risk of flight.

Dated: May 23, 2024

Respectfully submitted,

Jayne C. Weintraub
Sale & Weintraub, P.A.
2 South Biscayne Blvd.
One Biscayne Tower – 21st Floor
Miami, Florida 33131
Telephone: (305) 374-1818
E-mail: jweintraub@saleweintraub.com

By: *s/Jayne C. Weintraub*
Jayne C. Weintraub, Esq.
Florida Bar No. 320382

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2024, the foregoing document was filed via the Court's CM/ECF system to all counsel of record.

By: /s/ Jayne C. Weintraub
Jayne C. Weintraub