UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: <u>24-20201-CR-WILLIAMS</u>

**UNITED STATES OF AMERICA**

vs.

**DAVID KNEZEVICH,**
    a/k/a "DAVID KNEZEVIC,"
    a/k/a "DUSAN KNEZEVIC,"

      **Defendant.**
_____/

<u>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR LIMITED DISCLOSURE OF GRAND JURY MINUTES**</u>

The United States of America, through undersigned counsel, hereby opposes David Knezevich's Motion for Limited Disclosure of Grand Jury Minutes ("Motion"). <u>See</u> (DE 94). Because the Defendant has failed to demonstrate a compelling and particularized need to justify producing otherwise secret information, his Motion must be denied.

**I. FACTUAL BACKGROUND**

On May 4, 2024, the Defendant was arrested for kidnapping, in violation of 18 U.S.C. § 1201(a), pursuant to a criminal complaint. <u>See</u> Criminal Complaint, Case No. 24-MJ-02896-REID (DE 3). On May 15, 2024, the grand jury returned an indictment against the Defendant on the same charge. (DE 11).

**II. LEGAL STANDARDS**

"It is the well-settled policy of federal law that grand jury proceedings remain secret." <u>United States v. Davis</u>, 721 F. App'x 856, 860–61 (11th Cir. 2018) (citing <u>United States v. Sells Eng'g, Inc.</u>, 463 U.S. 418, 424 (1983)); <u>Blalock v. United States</u>, 844 F.2d 1546, 1555 (11th Cir. 1988) (concurrence) ("It has long been a policy of the law that grand jury proceedings be kept

secret."); United States v. Phillips, 843 F.2d 438, 441 (11th Cir. 1988) ("Grand jury proceedings, both state and federal, have long been protected by a veil of secrecy. The secrecy of the grand jury is sacrosanct.").

"Rule 6(e) of the Federal Rules of Criminal Procedure codifies this secrecy principle and prohibits the disclosure of grand jury material except in the limited circumstances provided for in Rule 6(e)(3)." United States v. Aisenberg, 358 F.3d 1327, 1346–47 (11th Cir. 2004). As is relevant here, Rule 6(e)(3) allows a district court to authorize disclosure of grand jury materials at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.] Fed. R. Crim. P. 6(e)(3)(E)(ii). "A private party seeking disclosure of grand jury materials for use in a judicial proceeding must show: (1) that the material he seeks is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that the request is structured to capture only the material so needed." Aisenberg, 358 F.3d at 1347-48. "[A] blanket request for all . . . grand jury materials . . . cannot be described as the kind of particularized request required for the production of otherwise secret information." Id. at 1349 (quotations omitted).

To show that the need for disclosure outweighs the need for secrecy, the party seeking disclosure must establish a "compelling and particularized need for disclosure." Id. at 1348. "A particularized need may be shown by demonstrating that 'circumstances had created certain difficulties peculiar to [the] case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'" Id. at 1348-49 (quoting United States v. Elliott, 849 F.2d 554, 558 (11th Cir. 1988)). "Particularized need is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss." Davis, 721 F. App'x at 861. Likewise, the

Eleventh Circuit has held that, "[u]nsubstantiated allegations of grand jury manipulation do not satisfy the particularized need standard." United States v. Gonzalez, 452 F. App'x 844, 847–48 (11th Cir. 2011) (citing United States v. Cole, 755 F.2d 748, 758–59 (11th Cir. 1985)); United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) ("[T]he fact that these items are being sought by defendants in a criminal case for use in defending the charges brought against them is insufficient standing alone[.]"); U.S. ex rel. Stone v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999) ("No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information[.]"); United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988) ("Particularized need is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss.")

**III.   ARGUMENT**

The Defendant's Motion should be denied because it fails to demonstrate a compelling and particularized need for grand jury transcripts and is based upon the kind of unsupported and unsubstantiated allegations that have been repeatedly rejected by the Eleventh Circuit. Although titled Motion for *Limited* Disclosure of Grand Jury Minutes, the Motion seeks the government's "instructions concerning the elements of the charged offense, as well as testimony essential to establish that offense." (DE 94 at 1). This is essentially the entirety of the Grand Jury proceedings in this case. As such, the Defendant's request is not particularized and must be denied.

Moreover, the Defendant's request is premised upon Defense Counsels' belief that the government incorrectly instructed the Grand Jury on the elements of kidnapping and misled the grand jury as to the quality of its evidence. These claims are speculative, unfounded, and are made purely "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information[.]" Rockwell Int'l Corp., 173 F.3d at 760. Such claims are insufficient to

3

remove the cloak of secrecy afforded to grand jury proceedings.

In its Motion, the Defendant asserts that the government could not have possibly presented "evidence supporting the essential elements [of kidnapping], including taking, holding, and travel in foreign commerce in furtherance of the offense." (DE 94 at 10). These arguments have been raised by the Defendant at both detention hearings and repeatedly rejected by Magistrate Judge Torres despite hearing testimony by the case agent on two occasions and considering extensive arguments from the parties. Specifically, as to the Defendant's argument regarding the purported lack of evidence that he traveled in foreign commerce in furtherance of the offense, Magistrate Judge Torres stated:

> Defendant nonetheless argues that the Government has failed to proffer sufficient evidence that he travelled from Miami to Serbia in furtherance of his alleged kidnapping of his wife in Spain to be charged under §1201(a)(1). Defendant principally relies on a Fifth Circuit case, United States v. Meyer, 63 F.4th 1024, 1033- 36 (5th Cir. 2023), to support his claim that the evidence presented by the Government creates too attenuated a connection between his travel and the subsequent kidnapping of his wife to establish jurisdiction under §1201(a)(1).
>
> We read that case very differently. In Meyer, the Fifth Circuit upheld the defendant's conviction under 18 U.S.C. § 1201 despite the challenge to the Court's jury instruction on the issue, as well as the sufficiency of the evidence to sustain the jury's finding and conviction. There a defendant travelled to Mexico from Texas for the purpose of comforting and making at ease the eventual victims of a kidnapping scheme, all in order to facilitate their kidnapping committed by defendant's drug trafficking associates. Id. While Meyer's factual background similarly revolved around violations of § 1201, the Fifth Circuit's ruling never purports to establish or even contemplate temporal and/or spatial limits on §1201(a)(1)'s jurisdictional hook, contrary to Defendant's suggestion. And of course the holding of the case rejected that defendant's challenge to the application of the statute. Id. at 1033-36.
>
> Here, the case for jurisdiction is stronger. The Government's evidence supports a finding that Defendant's travel from Miami to Turkey was the first leg of a multi-layered kidnapping scheme, which was an essential component of the scheme to hide Defendant's ultimate presence in Spain. Moreover, while in Spain he used instrumentalities of commerce (i.e. a rental car and his phone) in furthering his criminal offense. If proven, these allegations are amply sufficient for jurisdiction to attach under the statute. In light of this, Defendant's argument for lack of

4

>jurisdiction fails under a plain reading of the relevant statute. Based on the record provided, Defendant travelled from the United States to Serbia in furtherance of his alleged kidnapping of his wife in Spain. He used various instrumentalities of commerce to further his scheme. And section 1201(a)(1) does not establish a rigid temporal or spatial standard when determining if the offender traveled in furtherance of the crime, nor does it create an attenuation test. No authority has been cited to directly support Defendant's construction of the statute. Thus, there is at least a prima facie case to be made that jurisdiction lies under this statute.

(DE 69 at 15-16). Additionally, Magistrate Judge Torres noted that "[t]he Court's original detention order found that a prima facie basis existed for the Government to charge Defendant with kidnapping in violation of 18 U.S.C. § 1201(a)(1)" (id. at 4), a finding that has never changed even after Magistrate Judge Torres personally viewed the video evidence at issue in this case. As such, the Defendant's assertions that the government could not have possibly presented evidence to the grand jury that resulted in the return of an indictment are refuted by the record in this case. Accordingly, the Defendant's Motion falls short of meeting the well-recognized standard to produce grand jury materials and must be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: **Lacee Elizabeth Monk**
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111
(305) 961-9427| Lacee.Monk@usdoj.gov

5