UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20201-CR-WILLIAMS(s)

UNITED STATES OF AMERICA

vs.

DAVID KNEZEVICH,
    a/k/a "DAVID KNEZEVIC,"
    a/k/a "DUSAN KNEZEVIC,"

    **Defendant.**
_____/

### GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER RESTRICTING DISCLOSURE OF WITNESS CONTACT INFORMATION

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America, hereby files this Unopposed Motion for Protective Order Restricting Disclosure of Witness Information, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of the names, addresses, and phone numbers ("Witness Contact Information") for individuals that will be disclosed to the defense pursuant to this Court's oral Order November 14, 2024. In support thereof, the government states as follows:

During the course of the investigation into the instant case, law enforcement interviewed multiple individuals in Spain. The Spanish National Police documented their interviews of these individuals in declarations, which have been provided to defense counsel in discovery. At a hearing on November 14, 2024, this Court instructed the government to provide to defense counsel the Witness Contact Information of individuals who law enforcement interviewed in Spain. In accordance with this Court's Order, the United States has compiled a list of the Witness Contact

Information for these individuals that is currently in its possession to provide to defense counsel.[1] The United States respectfully requests that before doing so, this Court enter an Order restricting defense counsel from disseminating Witness Contact Information, except to their employees as is necessary to prepare the Defendant's case.

Federal Rule of Criminal Procedure Rule 16(d)(1) provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

In light of the foregoing, the government respectfully requests that this Court enter a protective order placing the following restrictions on the dissemination of Witness Contact Information:

1. The United States is ordered to provide to the Defendant's Counsel in the instant action the Witness Contact Information of the individuals interviewed by law enforcement in Spain.

2. Counsel for the Defendant may only reveal the Witness Contact Information to their

---

[1] For some witnesses, the United States is in possession of their name, address, and phone number. For others, it is not in possession of either the address or phone number. The United States will provide any additional contact information it receives for these witnesses to defense counsel upon receipt.

employees as is necessary to prepare the Defendant's case.

3. Counsel for the Defendant may not reveal Witness Contact Information to the Defendant, his family, or his other counsel who are not representing him in the instant action.

4. The parties agree that the order applies to any Witness Contact Information that is produced to the Defendant's Counsel during the duration of this case.

The undersigned has conferred with counsel for the defendant, Jayne Weintraub, Esq., and she has no objection to entry of the protective order sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: **Lacee Elizabeth Monk**
Lacee Elizabeth Monk
Florida Bar No. 100322
Jessica Kahn Obenauf
Florida Bar No. 0052716
Assistant United States Attorneys
99 N. E. 4th Street
Miami, Florida 33132-2111
Telephone (305) 961-9427
Lacee.Monk@usdoj.gov