UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: <u>24-20201-CR-WILLIAMS(s)</u>

UNITED STATES OF AMERICA

vs.

DAVID KNEZEVICH,
    a/k/a "DAVID KNEZEVIC,"
    a/k/a "DUSAN KNEZEVIC,"

        **Defendant.**
_____/

**SPEEDY TRIAL REPORT**

      The United States of America, by and through the undersigned Assistant United States Attorneys, submits this Speedy Trial Report. The Speedy Trial Act requires that a defendant's trial commence within seventy days from the latter of either the date of indictment or the date of the defendant's appearance before a judicial officer, and not fewer than thirty days from the date on which the defendant first appears through counsel. *See* 18 U.S.C. § 3161(c)(1), (c)(2). As discussed further below, 17 days have elapsed in the Defendant's Speedy Trial period.

**SPEEDY TRIAL CALCUATION**

    1.    On May 4, 2024, the Defendant was arrested for kidnapping his wife, in violation of 18 U.S.C. § 1201(a)(1). *See* (DE 3). His initial appearance was held on May 6, 2024. (DE 7). The Defendant was subsequently indicted by the grand jury for kidnapping on May 15, 2024. "Where the defendant is arrested and makes an initial appearance before a magistrate prior to indictment, the seventy-day period runs from the date of his later indictment." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984). Accordingly,

the first day of the Defendant's speedy trial period is May 16, 2024—the day after his indictment.

2. On May 23, 2024, the Defendant filed an Objection to the Detention Order asking the District Court to enter a bond and release the Defendant.[1] (DE 15). "Under 18 U.S.C. § 3161(h)(1)(D), the filing of a pretrial motion stops the Speedy Trial clock until 'the conclusion of the hearing on, or other prompt disposition of, such motion.'" *United States v. Hughes*, 840 F.3d 1368, 1378 (11th Cir. 2016) (quoting § 3161(h)(1)(D)). **Seven trial days elapsed before the Defendant filed his Objection.**

3. The Defendant was arraigned on June 10, 2024, while the Speedy Trial clock was tolled. (DE 23). On the same date, the Defendant also filed a Motion for a Hearing requesting an additional 30 minutes to cross-examination the case agent (DE 22), which was granted on June 12, 2024 (DE 24).

4. On June 18, 2024, the Court held a hearing on the Motion for Hearing. (DE 31). At the hearing, the Court agreed to hold the Defendant's Objection in abeyance to allow the Defendant an opportunity to move to re-open the Defendant's detention hearing in front of the Magistrate Judge. It is unclear what effect holding the Objection in abeyance has for Speedy Trial purposes. As such, in an abundance of caution, the government assumes this would re-start the Speedy Trial clock. Nevertheless, the Defendant filed a Motion for Bond on June 18, 2024, after the hearing, and a Motion to Expedite Briefing on June 19, 2024. (DE 32 and 34). These motions tolled the Speedy Trial clock. *See Hughes*, 840 F.3d at 1378; § 3161(h)(1)(D). They were subsequently denied on June 20, 2024. (DE 35).

5.       On July 1, 2024, the Defendant filed a Motion to Continue Trial (DE 39), which stopped the Speedy Trial clock. *See Hughes*, 840 F.3d at 1378; § 3161(h)(1)(D). **Prior to filing the Motion, 10 additional days elapsed on the Speedy Trial clock.** This Court granted the Motion, continued the trial to October 15, 2024, and excluded the time of the continuance from the Speedy Trial calculation. (DE 41).

6.       On September 25, 2024, the parties filed a Joint Motion to Continue Trial. (DE 77). This Court granted the Motion, continued the trial to February 10, 2024, and excluded the time of the continuance from the Speedy Trial calculation. (DE 78).

7.       Accordingly, only 17 non-excludable days in the speedy trial period will have elapsed by February 3, 2025.

8.       The undersigned has provided the instant Speedy Trial Report to Defendant's Counsel, Jayne Weintraub, Esq., who does not object to the government's calculations.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

**Lacee Elizabeth Monk**
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111
(305) 961-9427| Lacee.Monk@usdoj.gov

**Jessica Kahn Obenauf**
Jessica Kahn Obenauf
Assistant United States Attorney
Florida Bar No. 0052716
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111

---

[1] Although titled an "Objection," the Defendant's filing operated as a motion to revoke the Magistrate Judge's Detention Order under to 18 U.S.C. § 3145(b). *See* (DE 17).

(305) 961-9317 | Jessica.Obenauf@usdoj.gov

4