UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: <u>24-20201-CR-WILLIAMS(s)</u>

UNITED STATES OF AMERICA

vs.

DAVID KNEZEVICH,
    a/k/a "DAVID KNEZEVIC,"
    a/k/a "DUSAN KNEZEVIC,"

        **Defendant.**
_____/

## UNITED STATES' OPPOSED MOTION TO CONTINUE TRIAL

The United States respectfully moves this Court to continue the trial in this matter until June 9, 2025. As described in more detail below, the United States is waiting on responses from multiple foreign governments for evidence pursuant to Mutual Legal Assistance Treaties. Additionally, this case is well within the Speedy Trial period as only 17 days have elapsed for purposes of speedy trial. (DE 120). In support of this Motion, the Government further states as follows.

## BACKGROUND

1. On May 4, 2024, the Defendant was arrested for kidnapping, in violation of 18 U.S.C. § 1201(a), pursuant to a criminal complaint. *See* Criminal Complaint, Case No. 24-MJ-02896-REID (DE 3). A grand jury sitting in the Southern District of Florida subsequently returned an indictment against the Defendant on the same charge on May 15, 2024. (DE 11).

2. Thereafter, on November 13, 2024, the grand jury returned a superseding indictment charging the Defendant with kidnapping resulting in death, in violation of 18

U.S.C. § 1201(a)(1); foreign murder of a U.S. national, in violation of 18 U.S.C. § 1119; and foreign domestic violence resulting in death, in violation of 18 U.S.C. § 2261(a)(1). (DE 106).

3. The charges are the result of the Defendant's kidnapping and murder of his soon-to-be ex-wife (the "Victim"). Specifically, on January 27, 2024, the Defendant departed from Miami International Airport to Belgrade, Serbia. After landing in Serbia on January 28, 2024, the Defendant immediately initiated his covert journey to Madrid, Spain, where the Victim, who had requested a divorce, had resided for the last two months. On February 2, 2024, the Defendant gained entry to the Victim's apartment building by posing as a food delivery driver, spray painted the only surveillance camera in her building, and subsequently left the building with an object. Despite international media coverage of her disappearance, the Victim has never been seen again, and all evidence known to date indicates that she is deceased.

4. Because the Defendant's crimes spanned two continents and at least seven different countries,[1] a substantial portion of the United States trial evidence is held abroad. To obtain such evidence, the United States has made numerous requests pursuant to Mutual Legal Assistance Treaties ("MLATs"). The United States is presently awaiting MLAT responses from Spain, Italy, Serbia, France, and Croatia. *See* United States Sealed Ex Parte Notice of Filing MLATs and Reasons for Not Providing MLATS to the Defendant. The requests, several of which were follow up requests made after receiving information pursuant to prior MLATs, were submitted between September and November 2024. *Id.* All of the outstanding MLAT requests notified the receiving country of the Defendant's current trial

---

[1] The Defendant's crimes began in this District and continued through Serbia, Croatia, Slovenia, Italy, France, and Spain.

date and requested expedited responses. *Id.* Nevertheless, despite the government's best efforts, the MLAT responses for critical evidence remain outstanding. For example, on December 3, 2024, counsel for the United States personally communicated with the Spanish Judge overseeing the United States' MLAT requests to communicate the need to receive the evidence as soon as possible. The Spanish Judge advised that she is actively working on the request but that, largely due to the holiday, it would be impossible to respond in advance of the trial date. However, the Spanish Judge stated that she is hopeful that she will be able to provide the response sometime in February. The government's efforts are further outlined in the attached affidavit from FBI Special Agent Alexandra Montilla ("Montilla Affidavit").

## LEGAL STANDARD

"Pursuant to the Speedy Trial Act, a defendant must be tried within seventy days from the filing of his indictment or information, or from the date on which he first appears before a judge or magistrate, whichever occurs later." *United States v. Schlei*, 122 F.3d 944, 985 (11th Cir. 1997) (citing 18 U.S.C. § 3161(c)(1)). But "certain periods of delay are excludable from the calculation of the seventy-day limit." *Id* (citing 18 U.S.C. § 3161(h)). And one such period of delay that "shall be excluded . . . in computing the time within which the trial of any such offense must commence" can result from situations where, as here, a party is seeking evidence from a foreign country:

> Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(8). An official request is defined in 18 U.S.C. § 3292(d) as "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a

court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country."[2]

The language of the statute indicates that the Court "must be presented with evidence of some sort"; either the motion "must be sworn or verified, or [it] must be accompanied by affidavits, declarations, exhibits, or other materials of evidentiary value." *United States v. Trainor*, 277 F. Supp. 2d 1278, 1287 (S.D. Fla. 2003) (Jordan, J.) (finding that the statute of limitations wasn't properly tolled under § 3292 where the Government failed to submit evidence in connection with its *ex parte* application to do so).

Additionally, this Court's Local Rules permit continuances of "any trial, pretrial conference, or other hearing" when written notice is given and "supported by an affidavit setting forth a full showing of good cause." S.D. Fla. L.R. 7.6.

## ARGUMENT

Here, the trial continuance that the Government seeks falls squarely within the "period of delay" that is excludable under § 3161(h)(8) of the Speedy Trial Act. That's because the Government has made an "official request" for evidence of the offenses with which the Defendant is charged and because it reasonably appears that such evidence is located in Spain, Italy, Serbia, and Croatia. The Montilla Affidavit details the steps that the Government has taken to make its official request and the reasons it believes that the evidence sought exists.

It's worth noting, moreover, that courts around the country have approved of trial continuances or pre-indictment delays on the basis set forth in § 3161(h)(8). In *Schlei*, the

---

[2] Section 3292 analogously permits district courts to toll the statute of limitations as to offenses that the Government is investigating (*i.e.*, before an indictment has been returned), so long as the Government shows that it reasonably appears that evidence of those offenses is in a foreign country and that an official request has been made for such evidence.

Eleventh Circuit concluded that "[t]he district court did not abuse its discretion when it granted the Government's unopposed motion for a trial continuance in order to obtain [ ] deposition testimony in Japan." 122 F.3d at 986.  In *United States v. Wardrick*, the Fourth Circuit upheld a continuance that the Government requested and received for the purpose of obtaining evidence (drugs and packaging) that were held by a court in Pakistan.  *See* 1998 WL 169223, at *7–8 (4th Cir. 1998) (unpublished).  And, in *United States v. Fahnbulluh*, the D.C. Circuit approved a district court's decision to give the Government several months to indict two defendants—who'd been arrested and detained—where the Government had issued a request to the country of Liberia for documents relevant to its investigation into the defendants' fraud on a Liberia "Food-for-Work" program.  *See* 752 F.3d 470, 474–75 (D.C. Cir. 2014).

Each of those cases supports the Government's request to have more time to adduce the evidence against the Defendant, which reasonably appears to exist in Spain, Italy, Croatia, and Serbia.  *See* United States Sealed Ex Parte Notice of Filing MLATs and Reasons for Not Providing MLATS to the Defendant (explaining the nature of the evidence sought).  And each of those cases lends credence to the notion that there's good cause, under this Court's Local Rules, to continue the calendar call and trial in this case.  Finally, this case is well within the speedy trial period as only 17 speedy trial days have elapsed.  (DE 120).

Pursuant to the Local Rules, undersigned counsel for the United States has conferred with Jayne Weintraub, Esq., counsel for the Defendant, who opposes the relief sought herein.

**CONCLUSION**

For the reasons stated above, the United States of America respectfully requests that the Court **GRANT** this Motion and continue the trial in this case to June 9, 2025.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

**Lacee Elizabeth Monk**
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111
(305) 961-9427| Lacee.Monk@usdoj.gov

**Jessica Kahn Obenauf**
Jessica Kahn Obenauf
Assistant United States Attorney
Florida Bar No. 0052716
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111
(305) 961-9317|Jessica.Obenauf@usdoj.gov